Yah Voorhis, J.
(dissenting). The daughters and son of the decedent sought, by agreement in a contested probate proceeding, to equalize between them the preference manifested toward the son by the contested will. Under the agreement, each child was to share equally. As it turned out, and apparently unknown to appellants, a substantial part of her estate was in Totten trust funds payable to the son upon her death. This has frustrated the manifest purpose of the settlement made in the contested probate proceeding. The settlement agreement provided that the property of decedent to be divided equally between them would include “ All of the rest, residue and remainder of the estate of Bose E. Schmith, Deceased, both real and personal, of every kind, nature and description, and wherever situate, of which the said Bose E. Schmith, deceased, died seized, possessed or entitled, and as to which she had at the time of her death the power of disposition or appointment ”. Under Matter of Totten (179 N. Y. 112), she had the power of disposition over these Totten trust accounts until the moment of her death. It seems to me that the proceeds of these accounts were intended to be included in the settlement agreement to be evenly divided between her three children. The fact that these bank accounts were not specifically mentioned in the settlement agreement is quite apparently due to the circumstance that they were created and existed without the knowledge of appellants. Distribution is to be made, not according to the will which has been rejected, but under the settlement agreement which, by its terms, covers all property over which decedent had the power of disposition at *404 the time of her death. No one can execute a power of disposition or appointment after death, unless by will, and it would seem that reference to property over 1 ‘ which she had at the time of her death ” the power of disposition must refer to what she herself would have been able to do with her property immediately prior to her decease. The order of the Appellate Division should be reversed and the decree of the Surrogate should be reinstated.
Chief Judge Fuld and Judges Scileppi, Bergan and Breitel concur with Judge Keating ; Judge Van Voorhis dissents and votes to reverse in a separate opinion in which Judge Burke concurs.
Order affirmed.